## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| **GEORGIA ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. _____ |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | <u>Jury Trial Demanded</u> |
| **ASSOCIATES, LLC., ELAINE** | ) | |
| **FREEMAN-LARK and MCLEMORE** | ) | |
| **& EDINGTON, PLLC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

### <u>JURISDICTION AND VENUE</u>

1.    Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k(d)**.

2.    This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq**. ("FDCPA") by all Defendants, in their illegal efforts to collect consumer debts.

3.    Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4.     Plaintiff GEORGIA ANDERSON (hereinafter referred to as "Plaintiff Anderson") is a natural person who resides in Sullivan County, Tennessee and is a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5.     Defendant Portfolio Recovery Associates, LLC., (hereinafter "Defendant Portfolio") is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and a for-profit Limited Liability Company organized in Virginia, and may be served through its agent for service of process at National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, TN 37212, as its registered agent for service of process.

6.     Defendant Elaine Freeman-Lark (hereinafter "Defendant Affiant Freeman-Lark") is a natural person who was employed by Defendant Portfolio as a collection agent and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and may be served at her business address of 120 Corporate Blvd., Suite 100, Norfolk, VA 23502

7.     Defendant McLemore & Edington, PLLC., (hereinafter "Defendant McLemore & Edington") is a law firm and "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and a Limited Liability Company established in Tennessee, and can be served through its registered agent as follows: Paul E. McLemore, 9051 Executive Park Drive, Suite 500, Knoxville, TN 37923.

## FACTUAL ALLEGATIONS

8.     Defendants have alleged that Plaintiff Anderson incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a(5)**, namely, a credit

card debt originally owed to, or serviced by, GE Money Bank., (hereinafter "GE MONEY").

9. Sometime prior to July 20, 2011, Plaintiff Anderson's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff Anderson.

### *July 20, 2011 Collection Lawsuit*

10. Within one (1) year prior to the filing of this Complaint, on or about July 20, 2011, Defendants filed a Civil Warrant and Affidavit against Plaintiff Anderson in State Court (collectively the "collection lawsuit"). *See Exhibit 1*.

11. The Civil Warrant was filed and served on Plaintiff Anderson in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. § 1692a(2)**.

12. The sworn Affidavit was filed and served in connection with collection of a debt and in an attempt to collect a debt, and is a "communication" as defined by **15 U.S.C. § 1692a(2)**.

13. When purchasing charged-off consumer debts, Defendant Portfolio made an intentional business decision not to obtain knowledge as to whether a written Contract existed between the original creditor of the debt and the consumer, or if there was other documentation showing when or how the debt was incurred, or anything beyond very rudimentary information (i.e., the consumer's name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt), which would allow them to properly calculate the amount of debt owed by a consumer at the time they file a State Court lawsuit.

14. When Defendant Portfolio bought the debt they allege is owed by Plaintiff Anderson, they intentionally made a business decision not to receive any of the basic documents or evidence needed to demonstrate that the amount they claimed that was due from Plaintiff Anderson, as either principal, interest, or attorney's fees, were actually owed by her, and they did not possess any such documents as of the date they filed the collection lawsuit.

15. Specifically, at the time the Defendant Portfolio purchased Plaintiff Anderson's alleged Account, they did not receive any documents which (a) could be used as evidence to show, in a court of law, that Plaintiff Anderson had entered into a Contract with any entity creating the debt or opening an Account, (b) show how the amount claimed as due was calculated or what Plaintiff Anderson received in return for incurring the debt, (c) show how the pre-judgment interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by Plaintiff Anderson caused the alleged default, and they did not possess any such documents as of the date they filed the collection lawsuit.

16. Instead, when the Defendant Portfolio purchased this Account, all they received was the aforementioned limited information about Plaintiff Anderson and the debt, which was transmitted electronically as part of a spreadsheet.

17. Defendant McLemore & Edington, PLLC., intentionally makes a business decision not to obtain a copy of the written Contracts signed by consumers or other evidence of the alleged debt prior to filing State Court collection lawsuits against consumers.

18. Despite the fact that they had no evidence showing that Plaintiff Anderson owed the amount of debt they were alleging she owed, and prior to making a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they

were alleging she owed, Defendant Portfolio and Defendant McLemore & Edington filed suit against Plaintiff Anderson in State Court seeking to collect Two Thousand Three Hundred Twelve Dollars and Ninety Seven Cents ($2,312.97), plus interest at a rate of Ten (10%) percent APR and the costs of this action.

19. Defendant Portfolio and Defendant McLemore & Edington alleged in their collection lawsuit that Defendant Portfolio is the assignee of GE Money Bank., but have provided no evidence before or since the filing of the lawsuit that would support the truthfulness of this allegation.

20. Defendant Portfolio and Defendant McLemore & Edington have a "pattern and practice" of filing collection lawsuits against consumers in Tennessee on debts (a) after making an intentional business decision not to obtain knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, (b) prior to making a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they were attempting to collect, and (c) by attaching Affidavits from individuals whose knowledge of the specifics of the original debt is limited or non-existent, intending to either obtain a default Judgment or coerce the consumer into a Settlement.

21. Defendant Portfolio and Defendant McLemore & Edington also engage in a "pattern and practice" of continuing the collection lawsuits several times when contested by a consumer and then non-suiting (dismissing without prejudice) when they are challenged by a consumer who requests that they provide the evidence necessary to show the State Court Judge that the consumer actually owes the alleged debt they are attempting to collect.

22.   Defendant Portfolio and Defendant McLemore & Edington file the collection lawsuits against Tennessee consumers, knowing they do not have the means and do not intend to obtain the means of proving the alleged debt.

23.   The lack of documentation that debt buyers such as the Defendant Portfolio receive when they purchased the debt is reflected in the price of the debt, sometimes as little as one cent (.01¢) or two cents (.02¢) on the dollar.

24.   When debt buyers such as the Defendant Portfolio and debt collection attorneys such as Defendant McLemore & Edington file collection lawsuits against Tennessee consumers on debt allegedly owned by debt buyers, they fail to obtain written Contracts signed by consumers or other supporting documentation of the debt, prior to filing the State Court collection lawsuits.

25.   When Defendant Portfolio purchased Plaintiff Anderson's alleged debt, they did not receive any supporting documentation of the debt, including, but not limited to, (a) the alleged underlying Contract between GE Money Bank and Plaintiff Anderson, (b) anything bearing Plaintiff Anderson's signature, (c) any documentation regarding what Plaintiff Anderson purchased or when she made a purchase, (d) monthly billing statements, (e) a payment history, (f) documents showing how the amount of the alleged debt was calculated, or (g) any information which informs or shows them which portion of the alleged debt is principal and which portion is interest.

26.   Prior to Defendant Portfolio and Defendant McLemore & Edington filing the State Court collection lawsuit against Plaintiff Anderson, they failed to obtain any supporting documentation of the debt, including, but not limited to, (a) the alleged underlying

Contract between GE Money Bank and Plaintiff Anderson, (b) anything bearing Plaintiff Anderson's signature, (c) any documentation regarding what Plaintiff Anderson purchased or when he made a purchase, (d) monthly billing statements, (e) a payment history, or (f) documents showing how the amount of the alleged debt was calculated.

27. Because debt buyers such as the Defendant Portfolio and debt collection attorneys such as Defendant McLemore & Edington lack documentation necessary to establish a claim based on monies advanced or loaned, they often file collection lawsuits against Tennessee consumers on a sworn Account, and attempt to support the claim with a false, deceptive and misleading Affidavit.

28. In a majority of the cases, debt buyers such as the Defendant Portfolio and debt collection attorneys such as Defendant McLemore & Edington obtain a default Judgment and the sufficiency of the debt buyer's Affidavit and the related Accounts are not challenged.

29. In those few instances where the consumer has the means and ability to defend the collection lawsuit, debt buyers such as the Defendant Portfolio and debt collection attorneys such as Defendant McLemore & Edington usually will dismiss the case rather than risk having its systemic fraud on the court exposed.

30. The filing of a collection lawsuit is a collection activity.

31. The filing of collection lawsuits against consumers by the Defendant Portfolio in the Tennessee State Courts is no less "active" debt collection activity than telephone calls, letters, or any other form of communication.

32. **Webster's** defines active as "characterized by action rather than by contemplation or speculation" and passive as "not acting but acted upon". See ***Webster's Third New International Dictionary, Unabridged*. Merriam-Webster, 2002**.

33.     The comparison between active and passive is easily understood.  If you do something, you are being active.  If you have something done to you, you are being passive.

34.     The Defendant Portfolio is not contemplating or speculating or being passive about filing collection lawsuits against Tennessee consumers in their name, they are doing it.

35.     The Defendant Portfolio and Defendant McLemore & Edington failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA, during the collection of the alleged debt.

*Use of False, Deceptive and Misleading Warrant to Collect Debt*

36.     The collection lawsuit against Plaintiff Anderson was based on a sworn Account.

37.     Defendants' sworn Account claim was defective because this claim was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant that intended to deceive the State Court and Plaintiff Anderson.

38.     Without a written Contract signed by Plaintiff Anderson, the Defendants may not recover attorney's fees or a Contract rate of interest on the underlying debt. ***Holcomb v. Cagle***, **277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008)** (**perm. app. den. Sup. Ct., December 15, 2008**).

39.     The amount of Two Thousand Three Hundred Twelve Dollars and Ninety Seven Cents ($2,312.97) requested by the Defendant Portfolio and Defendant McLemore & Edington as allegedly owed by Plaintiff Anderson plus interest at a rate of Ten (10%) percent APR was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Warrant that intended to deceive the State Court and Plaintiff Anderson.

40.   The Defendant Portfolio and Defendant McLemore & Edington intentionally made a business decision to file the collection lawsuit without (a) obtaining knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they were attempting to collect, but to rely solely on other parties for this information.

41.   The Defendant Portfolio and Defendant McLemore & Edington's business decision to rely entirely on GE Money Bank or an assignee of GE Money Bank as to the amount of debt allegedly owed by Plaintiff Anderson without (a) obtaining knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, and (b) making a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they were attempting to collect, was not a procedure reasonably adapted to avoid using a deceptive or misleading representation or means in connection with collection of the debt.

42.   By making a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they were attempting to collect, prior to filing a collection lawsuit, the Defendant Portfolio and Defendant McLemore & Edington intentionally used a deceptive and misleading representation in connection with

collection of the debt as to the amount allegedly owed by Plaintiff Anderson.

43. By filing the Civil Warrant with the use of deceptive and misleading representations or means in connection with collection of the debt while unreasonably relying on GE Money Bank or an assignee of GE Money Bank as to the amount of debt allegedly owed by Plaintiff Anderson, without knowledge of whether a written Contract existed or what it provided, the Defendant Portfolio and Defendant McLemore & Edington communicated credit information to the State Court, the general public and Plaintiff Anderson, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(8)**.

44. The statement in the Civil Warrant that Plaintiff Anderson owed Two Thousand Three Hundred Twelve Dollars and Ninety Seven Cents ($2,312.97), plus interest at rate of Ten (10) percent and costs of this action was an amount based on a business decision to intentionally not (a) obtain knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, and (b) make a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they were attempting to collect, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that the Defendant Portfolio and Defendant McLemore & Edington had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when the Defendant Portfolio and Defendant McLemore & Edington had intentionally made no effort to do so, and the amount of debt alleged as owed was not

authorized by the Agreement creating the debt or permitted by law, in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

45. A sworn Affidavit was filed in support of a Civil Warrant on a sworn Account in Tennessee is filed to attest to the correctness of the amount owed on the account. **Tenn. Code Ann. § 24-5-107(a)**. *See Exhibit 2*.

46. Defendant "Affiant Freeman-Lark", who authored the Affidavit, dated June 02, 2011, was attached to the Civil Warrant filed on July 20, 2011, certified under penalty of perjury that the following statements are true and correct:

   (a) "I am the Custodian of Records, for Portfolio Recovery Associates, LLC."

   (b) "I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 140 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Account Assignee and those records transferred to Account Assignee from **GE MONEY BANK, F.S.B./JC PENNEY** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business."

   (c) "According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account

Seller on **09/23/2010**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever."

(d)     "According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **GEORGIA ANDERSON** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,312.97** with the respect to account number **ending in 0885**) as of the date of **8/27/2010** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale."

(e)     "According to the records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, there was due and owing at the time this lawsuit was filed a sum of **$2,312.97**.

47.     Affiant Freeman-Lark did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Anderson and, if so, whether the amount of the debt she alleged was owed by Plaintiff Anderson in the Affidavit was correct, prior to signing the Affidavit.

48.     The reason Affiant Freeman-Lark did not review any records of the originator of the debt or make any effort to determine if there was a Contract signed by Plaintiff Anderson and,

if so, whether the amount of the debt she alleged was owed by Plaintiff Anderson in the Affidavit was correct, prior to signing the Affidavit was because the Defendant Portfolio had made a business decision not to obtain any records of the originator of the debt that would have allowed her to make this determination.

49. The only records held by the Defendant Portfolio at the time Affiant Freeman-Lark signed the Affidavit were computer records, which contained very limited information about Plaintiff Anderson and the alleged debt.

50. The only records that Affiant Freeman-Lark was able to review prior to signing the Affidavit were the limited computer records obtained by the Defendant Portfolio from GE Money Bank.

51. Without any records of the originator of the debt available for her review to determine if there was a Contract signed by Plaintiff Anderson, and if so, whether the amount of the debt she alleged was owed by Plaintiff Anderson in the Affidavit was correct as required by Tennessee State Law for a Affidavit, it was impossible for Affiant Freeman-Lark to truthfully make an Affidavit as to the correctness of the amount owed, if any, by Plaintiff Anderson.

52. Form Affidavits, such as the one filed in the State Court lawsuit against Plaintiff Anderson, are generated automatically by a computer owned by the Defendant Portfolio or one of its agents upon request and are routinely provided to Affiant Freeman-Lark who signs numerous Affidavits each day without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Anderson, within the requirements of Tennessee State Law.

53. These form Affidavits are attached to and filed with the Civil Warrant by Defendant McLemore & Edington.

54. The intentional use by Defendants of the form Affidavits when their use is clearly in violation of the State Law requirements for sworn Accounts is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e(10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

55. Affiant Freeman-Lark's sworn Affidavit states the following:

> (1) "I am an Authorized Employee, for Portfolio Recovery Associates, LLC.

> (2) "I have supervision and control of all records relating to the account of Georgia Anderson; with respect to account number ending in 0885."

> (3) "The account is due and payable to Portfolio Recovery Associates, LLC., having acquired the account through sale, assignment or other legal means from the original creditor."

56. These statements are a failed attempt to regurgitate the language from the **Tennessee Rules of Evidence, Rules 803(6)** and **902(11)**, in an intentional attempt to mislead the State Court and Plaintiff Anderson into believing that Affiant Freeman-Lark was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiff Anderson and that Plaintiff Anderson, in fact owed the debt, when it was not possible for her to have such personal knowledge, and that this evidence should be admitted under the "Business Records" exception to the introduction of hearsay evidence.

57. Defendants filed the collection lawsuit against Plaintiff Anderson in an attempt to collect the debt intentionally using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

58. The intentional use by the Defendants of the false, deceptive and misleading Affidavit in connection with collection of the debt was not a procedure reasonably adapted to avoid violating the FDCPA in their attempts to collect the alleged debt from Plaintiff Anderson.

59. The attestations made by Affiant Freeman-Lark in the Affidavit regarding the debt, including, but not limited to, the amount of the debt owed by Plaintiff Anderson, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, if any, by Plaintiff Anderson, as required by Tennessee State Law, in violation of **15 U.S.C. § 1692e(2)(A)**, and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e(10)**, and is an unfair means to collect or attempt to collect the debt in violation of **15 U.S.C. § 1692f**.

60. The Defendant Portfolio and Defendant McLemore & Edington intentionally use virtually identical form Affidavits in these lawsuits, alleging facts that are not in possession of the Defendant Portfolio and to which its officers, employees and/or agents are not qualified to sign under oath due to their lack of proper information.

61. The Defendant Portfolio and Defendant McLemore & Edington engage in a pattern and practice of filing the collection lawsuits against consumers: (1) after making business decisions not to obtain knowledge as to whether a written Contract existed between GE

Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, (2) prior to making a reasonable and adequate investigation as to whether Plaintiff Anderson owed the amount of debt they were attempting to collect, (3) knowingly using false, deceptive, and misleading Affidavits signed by persons without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, as required under Tennessee State Law for sworn Accounts, and (4) with the improper motive of obtaining default Judgments against ninety five percent (95%) or more of consumers who are intimidated by the allegations in the Affidavit simply because they are made under penalty of perjury, in order to increase their financial bottom line.

62. By filing the collection lawsuit against Plaintiff Anderson in an attempt to collect the debt, after making business decisions not to obtain knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, prior to reasonably and adequately investigating whether Plaintiff Anderson owed the amount of debt they were attempting to collect, while knowingly using false, deceptive, and misleading Affidavits signed by persons without the information or ability to make a sworn Affidavit as to the correctness of the amount owed, as required under Tennessee State Law for sworn Accounts, and with the improper motive of obtaining default Judgments in order to increase their financial bottom line, the Defendant Portfolio and Defendant McLemore & Edington violated **15 U.S.C. § 1692e(5)**, and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of **15 U.S.C. §§ 1692e** and **1692e(10)**.

63.    By filing the collection lawsuit against Plaintiff Anderson in an attempt to collect the debt with the use of an Affidavit that contains false, deceptive and misleading misrepresentations made by individuals who allege facts not in their possession and in violation of Tennessee State Law, Defendants use false, deceptive, and misleading representation or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

64.    Defendants did not have knowledge as to whether a written Contract existed between GE Money Bank and Plaintiff Anderson or if there was other documentation showing when or how the debt was incurred, prior to filing the sworn Affidavit.

65.    Defendants intentionally chose not to have Affiant Freeman-Lark review a copy of the written Contract signed by Plaintiff Anderson or other evidence as to the amount  of debt allegedly owed by Plaintiff Anderson or the fact that Plaintiff Anderson owed the debt at all, prior to executing the sworn Affidavit.

66.    By using false, deceptive, and misleading representations or means in connection  with collection of the debt by filing the false, deceptive, and misleading Affidavit which stated Plaintiff Anderson owed Two Thousand Three Hundred Twelve Dollars and Ninety Seven Cents ($2,312.97), the Defendant Portfolio and its agents communicated credit information to the State Court, the general public, credit reporting agencies, Equifax, Transunion, Experion and Plaintiff Anderson, which is known or should be known to be false, in violation of **15 U.S.C. § 1692e(8)**.

67.     The statement in the Affidavit that Plaintiff Anderson owed Two Thousand Three

Hundred Twelve Dollars and Ninety Seven Cents ($2,312.97), after the Defendant

Portfolio and Defendant McLemore & Edington intentionally chose not to obtain or to

have Affiant Freeman-Lark review a copy of the written Contract signed by Plaintiff

Anderson or other evidence as to the amount of debt allegedly owed by Plaintiff

Anderson or the fact that Plaintiff Anderson owed the debt at all, prior to executing the

sworn Affidavit, was the use of deceptive and misleading representations or means in

connection with collection of the debt that would create a false impression in the mind of

the least sophisticated consumer that Defendants had attempted to properly calculate the

amount owed prior to filing the Affidavit, when Defendants had intentionally made no

effort to do so, in violation of **15 U.S.C. §§ 1692e, 1692e(5)**, and **1692e(10)**.

*Failure To Include § 1692e(11) Language In Initial or Subsequent Communication*

68.     The FDCPA states:

> "The failure to disclose in the initial written communication with
>
> the consumer . . . that the debt collector is attempting to collect a
>
> debt and that any information obtained will be used for that
>
> purpose." **15 U.S.C. § 1692e(11)**.

69.     The FDCPA states:

> "The failure to disclose . . . in subsequent communications that the
>
> communication is from a debt collector." **15 U.S.C. § 1692e(11)**.

70.     The sworn Affidavit is a "communication" as defined by **15 U.S.C. § 1692a(2)**.

71.     The sworn Affidavit is not a formal pleading made in connection with a legal action.

72.     If the sworn Affidavit is the initial written communication by the Defendants with Plaintiff Anderson in connection with collection of the debt, the Defendants failed to disclose in the sworn Affidavit that they are attempting to collect a debt and that any information obtained will be used for that purpose, in violation of **15 U.S.C. § 1692e(11)**.

73.     If the sworn Affidavit is a subsequent communication by the Defendants with Plaintiff Anderson in connection with collection of the debt, the Defendants failed to disclose in the sworn Affidavit that the communication is from a debt collector, in violation of **15 U.S.C. § 1692e(11)**.

### *Collection Service Licensing – Defendant Portfolio*

74.     "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent Accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity  has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3)**. (emphasis added).

75.     No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. **Tenn. Code Ann. §   62-20-105(a)**.

76.     Defendant Portfolio is a "collection service" as defined by Tennessee State Law.

77.     As of the date of the filing of the collection lawsuit against Plaintiff, Defendant Portfolio had applied for or been issued a valid collection service license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.

78.  Any procedures maintained (i.e., actually employed or implemented) by Defendant Portfolio to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchased by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

79.  Any procedures maintained (i.e., actually employed or implemented) by Defendant Portfolio to avoid errors under the FDCPA failed to avoid threatening to take any  action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

80.  Any procedures maintained (i.e., actually employed or implemented) by Defendant Portfolio to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

81.  By attempting to collect the debt from Plaintiff at a time when Defendant Portfolio was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Portfolio violated **15 U.S.C. §§ 1692e, 1692e(5), 1692e(10)**, and **1692f**.

### *Debt Collection, Collection Service Activity and Filing of a Collection Lawsuit By Defendant Without Required Disclosures*

82.     That **Tenn. Code Ann. § 62-20-127(a)** states, in pertinent part, that:

> "[a] collection service holding a valid license under this chapter may take assignment of accounts, bills, notes or other indebtedness held by another person or entity, for the purpose of billing, collecting or filing suit in the collection service licensee's own name, as the real party in interest, if all the following requirements have been met:
>
> (1)     The assignment was voluntary, properly executed, and acknowledged by the person or entity making the assignment to the collection service licensee;
>
> (2)     The original Agreement between the creditor and the debtor does not prohibit assignments; [and]
>
> (3)     The assignment was manifested by a written Agreement stating the effective date of the assignment and the consideration paid or given, if any, for the assignment."

83.     That Defendants Portfolio and Defendant McLemore & Edington did not attach to the Civil Warrant or otherwise disclose to the General Sessions Court or Plaintiff Anderson any proof that it had complied with these pre-assignment requirements prior to billing, collecting or filing suit as the real party in interest on this alleged debt.

84.     Defendants had nearly one (1) year to establish they had standing to prosecute this claim but none of the documents contemplated in **T.C.A. 62-20-127** were forwarded to Plaintiff Anderson's counsel.

85.     The Defendant Portfolio and Defendant McLemore & Edington's prosecution of the State Court action violated **15 U.S.C. §1692e(5), 1692e(10)** and **1692f**.

86.     That Defendants Portfolio and Defendant McLemore & Edington did not attach to the Civil Warrant or otherwise disclose to the General Sessions Court or Plaintiff Anderson any proof that it had complied with these pre-assignment requirements

prior to billing, collecting or filing suit as the real party in interest on this alleged

debt.

### *Illegal Debt Collection, and Collection Service Conduct by Defendants Caused Plaintiff to Suffer Actual Damages*

87.    That the above-detailed conduct by Defendants, of harassment, abuse, false, misleading,

unfair and deceptive acts and/or practices in illegally attempting to collect a debt from

Plaintiff Anderson in violation of numerous and multiple provisions of the **Tennessee**

**Collection Service Act**, including, but not limited to, the above-cited provisions of the

**Tennessee Collection Service Act**, and multiple provisions of the FDCPA, including,

but not limited to, all of the above mentioned provisions of the FDCPA and a revelation

of private financial data to third parties.

88.    That Plaintiff Anderson has suffered actual damages as a result of these illegal

communications and collection attempts by Defendants in the form of attorney's fees

costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and

embarrassment, amongst other emotions, as well as suffering from unjustified and

abusive invasions of personal privacy.

89.    That Plaintiff Anderson is informed and believes and, therefore, alleges that Defendants

knowingly and intentionally engaged in harassing, abusive, false, misleading, unfair,

deceptive and illegal debt collection.

### *Summary*

90.    The above-detailed conduct by Defendants in connection with collection of the debt and

in an attempt to collect the debt was conduct in violation of numerous and multiple

provisions of the FDCPA including, but not limited to, the above-cited provisions of the

FDCPA.

*Respondeat Superior Liability*

91.    In addition to their individual liability under the FDCPA, the acts and omissions of

Affiant Freeman-Lark and Defendant McLemore & Edington as agents for the Defendant

Portfolio and who communicated with Plaintiff Anderson as more further described

herein, were committed within the time and space limits of their agency relationship with

their principals, Defendant Portfolio.

92.    The acts and omissions by Affiant Freeman-Lark and Defendant McLemore & Edington

were incidental to, or of the same general nature as, the responsibilities they were

authorized to perform by the Defendant Portfolio in collecting consumer debts.

93.    By committing these acts and omissions against Plaintiff Anderson, Affiant Freeman-Lark

and Defendant McLemore & Edington were motivated to benefit their principals,

Defendant Portfolio.

94.    The Defendant Portfolio is therefore liable to Plaintiff Anderson through the Doctrine of

Respondeat Superior for the intentional and negligent acts, errors and omissions done in

violation of Federal Law by the debt collectors employed as agents by the Defendant

Portfolio including, but not limited to, violations of the FDCPA, in their attempts to

collect the debt from Plaintiff Anderson.

## TRIAL BY JURY

95.    Plaintiff Anderson is entitled to and hereby respectfully demands a trial by jury.  **US
Const. amend. 7.  Fed.R.Civ.P. 38**.

## CAUSES OF ACTION

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. §§ 1692 *et seq*

96.    Plaintiff Anderson incorporates by reference all of the above paragraphs as though fully stated herein.

97.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, **15 U.S.C. §§ 1692 et seq**., with respect to Plaintiff Anderson.

98.    As a result of Defendants' violations of the FDCPA, Plaintiff Anderson is entitled to actual damages pursuant to **15 U.S.C. § 1692k(a)(1)**, in an amount to be determined at trial by a jury; statutory damages pursuant to **15 U.S.C. § 1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00); and reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from each and every Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anderson prays that judgment be entered against each and every Defendant.

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k(a)(1)** against each and every Defendant in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to **15 U.S.C. §1692k(a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k(a)(3)** against each and every Defendant; and

- for such other and further relief as may be just and proper.


07/20/12                                    Respectfully submitted on behalf of,

                                            **GEORGIA ANDERSON**


                                            /s/ Everett H. Mechem
                                            **Everett H. Mechem, Attorney for Plaintiff**
                                            **Mechem Law Firm, P.C.**
                                            BPR #011854
                                            220 Broad Street, Suite 206
                                            Kingsport, TN 37660
                                            Telephone: (423) 207-1300
                                            Facsimile:  (423) 370-1717
                                            everett@mechemlaw.com